E-FILED
Wednesday, 01 October, 2008  03:59:59 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

|  |  |
|---|---|
| MARCELO SANDOVAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 02-cv-4100 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## O P I N I O N & O R D E R

The Court entered judgment in this case on April 8, 2003, denying Petitioner's motion for post-conviction relief under 28 U.S.C. § 2255 [Doc. 10]. The Court denied Petitioner a certificate of appealability on May 16, 2003 [Doc. 13], and the Court of Appeals denied a certificate of appealability on March 16, 2004 [Doc. 22]. Before the Court are two motions, both filed on March 21, 2006 [Doc. 23]: (1) a motion for relief from judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and (2) a motion to amend, pursuant to Rule 15(c), Petitioner's section 2255 motion for post-conviction relief. The Government has not responded to these motions. Both motions are DENIED.

The Court interprets Petitioner's March 21, 2006 filing as a request that the Court vacate its April 8, 2003 judgment. The Court further interprets Petitioner's March 21 filing as requesting leave to amend the section 2255 motion so as to include new facts and arguments, if the Court agrees to vacate judgment.

Petitioner does not attempt to make a tailored Rule 60(b) argument.  Rather, he attempts to use Rule 60(b) to raise various issues that he had an opportunity to raise in his initial section 2255 motion.  Even if Petitioner's arguments invoke Rule 60(b), all but one of them is time-barred.  Rule 60(b) requires that the moving party file the motion within a reasonable time after entry of the order or judgment being questioned.  Petitioner failed to raise these new arguments until nearly three years after the Court denied his section 2255 motion on April 8, 2003 and over two years after the Court of Appeals denied his request for a certificate of appealability on March 16, 2004.  Except for one claim, discussed below, Petitioner does not adequately explain why he was unable to assert these new grounds for relief earlier.  As a result, the Court will not consider Petitioner's untimely claims.

The only claim for which Petitioner may be excused in raising at this point is the claim based on <u>United States v. Booker</u>, 543 U.S. 220 (2005).  That important case was decided well after the Court denied Petitioner's section 2255 motion.  The <u>Booker</u> Court held that it is unconstitutional for a judge to increase a defendant's sentence pursuant to the United States Sentencing Guidelines, beyond the prescribed statutory maximum, on the basis of facts not found to be true beyond reasonable doubt by a jury.  In his Rule 60(b) motion, Petitioner appears to assert that the sentencing judge independently made five findings of fact, and that, on the basis of those facts and pursuant to the federal Sentencing Guidelines, the judge increased Petitioner's sentence beyond the maximum possible sentence under the facts provided in the indictment.

Even assuming that Petitioner properly alleges a Booker violation, the claim fails because Booker does not apply retroactively on collateral review to criminal cases that became final before January 12, 2005.  McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005), cert. denied, 545 U.S. 1110 (2005).  Petitioner's criminal conviction became final well before that date.  Therefore, the claim is barred.

IT IS THEREFORE ORDERED that Petitioner's Rule 60(b) motion [Doc. 23] is DENIED.  The Court will not vacate its April 8, 2003 judgment denying Petitioner's section 2255 motion.  As a result, there are no pleadings in this case to amend, and Petitioner's motion to amend [Doc. 23] is DENIED as MOOT.

ENTERED this 1st day of October, 2008.

                                            s/ Joe B. McDade
                                            JOE BILLY MCDADE
                                        United States District Judge